## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:26-CR-020 |
| | ) | |
| HUNTER TUCKER BAXLEY | ) | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, on or about June 10, 2026, Hunter Tucker Baxley (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 922(g)(1); and

WHEREAS, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title, and interest to the United States in the Fabrique Nationale (FN), 509 Tactical, 9mm caliber pistol, S/N GKS0347096 and any and all associated ammunition and also now consents to the forfeiture of all right, title, and interest to the United States in the Glock GMBH, 43X, 9mm, S/N BNEK006 and any and all associated ammunition (collectively, the "Subject Property"), on the legal and factual bases set forth in the forfeiture allegation in the charging document, at the plea hearing, through the plea agreement, and/or through this document which the Court finds sufficient to justify forfeiture of the Subject Property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      On the basis of the forfeiture authority listed above, all right, title, and interest in the Subject Property of the defendant is forfeited to the United States.

2.      Upon entry of this Consent Order of Forfeiture ("Consent Order"), the United States Attorney General or a designee is authorized to seize the Subject Property, to conduct any proper discovery, and to commence any applicable proceedings to comply with statutes governing third-party rights, as set forth in Fed. R. Crim. P. 32.2.

3.      The United States shall comply with the notice provisions established in Fed. R. Crim. P. 32.2(b)(6) including, as appropriate, publication and direct notice.

4.      Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in

2

the property; any additional facts supporting the petitioner's claim; and the relief sought.

5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Consent Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Subject Property shall be forfeited to the United States for disposition in accordance with the law.

6.    The United States alone shall hold title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7.    The forfeiture of the Subject Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

8.    This Consent Order shall be binding upon the defendant and the successors, administrators, heirs, assigns, and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _____June 10_____, 2026

ORDERED:

_____
J. RANDAL HALL, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

Date: 6/10/26

/s/ Henry W. Syms, Jr.
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar Number 695009
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4536
Email: hank.syms@usdoj.gov

Date: 6/10/26

_____
Hunter Tucker Baxley
Defendant

Date: 6/10/26

_____
James Pete Theodocion
Defense Counsel

4